FRANKLIN LYNCH *vs.* WILLIAM MOSER ET UX.

Third Judicial District, Bridgeport, April Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A mortgage of her sole and separate real estate by a woman married prior to 1877, is not void merely because her husband failed to sign the deed with her.

Having made such a mortgage to the plaintiff, the wife subsequently sold and with her husband conveyed the land to the defendant, who expressly assumed and agreed to pay the outstanding mortgage debt as a part of the purchase price. *Held*, in an action of foreclos-

ure, that the omission of the husband to join his wife in the execution of the mortgage deed did not vitiate it, nor relieve the defendant from liability upon his contract of assumption.

Argued April 19th—decided May 1st, 1900.

ACTION to foreclose a mortgage of real estate, brought to the Superior Court in Fairfield County and tried to the court, *Shumway, J.*, after a demurrer to the amended complaint had been overruled (*George W. Wheeler, J.*); judgment for the plaintiff and appeal by the defendant for alleged errors in the rulings upon the demurrer. *No error.*

The amended complaint in this case, claiming foreclosure of a mortgage, is as follows:—

"1. On March 31st, 1890, Mary E. Van Sciver, then a married woman, and married prior to 1877, was justly indebted to Theophile Euphrat, of said Norwalk, in the sum of $2,000, as evidenced by her promissory note for $2,000, given by her for the benefit of her sole and separate estate, and for a part of the purchase price of the premises hereinafter mentioned, sold and conveyed to her on her personal credit, which note is dated March 31st, 1890, payable to the said Theophile Euphrat, on demand, at the City National Bank of South Norwalk, with interest at the rate of 5 per cent per annum, payable semiannually, and all legal taxes, till paid. 2. On said day the said Mary E. Van Sciver, to secure said note, by her deed of that date, mortgaged to the said Theophile Euphrat two tracts of land in said Norwalk (description omitted), which deed was conditioned for the payment of said note according to its tenor, and was recorded in the Norwalk land records. 3. On the 29th day of February, 1891, the said Theophile Euphrat sold, assigned and transferred said note to the plaintiff, and on the same day by his deed of that date conveyed said mortgage security to the plaintiff, which deed is recorded in said land records. 4. Afterwards, and on or about May 1st, 1893, the said Mary E. Van Sciver and the said William Moser entered into an agreement for the sale and conveyance of said premises to him by said Mary E. Van Sciver, of which agreement a copy is hereto annexed, marked

*Exhibit A\** and made a part of this paragraph. 5. On May 15th, 1893, she, the said Mary E. Van Sciver, being then ready to convey said premises according to said agreement, it was further agreed by parol, by the parties to said written agreement and by the said Minnie Moser, that instead of a

---

### *\*Exhibit A.*

This agreement, made and concluded this first day of May, A. D. 1893, at the city of South Norwalk in the county of Fairfield and State of Connecticut, between Mary E. Van Sciver of the town of Norwalk in said county and State, and William Moser, of the city, county and State of New York, witnesseth : That the said Mary E. Van Sciver, in consideration of one hundred dollars, paid to her by the said Moser (the receipt whereof is hereby acknowledged), and in further consideration of the promise of the said William Moser hereinafter contained, hereby promises and agrees to and with the said William Moser that immediately upon the faithful performance by the said William Moser of his agreement, hereinafter made, she, the said Mary E. Van Sciver, will, on or before the first day of June, 1893, make and deliver to the said William Moser a good and sufficient warranty deed, containing the usual covenants in such deeds contained, of all those two certain tracts or parcels of land, with the buildings thereon standing, situated in said town of Norwalk at Five Mile River, so-called, together with all the window shades, window poles and mattings on the floors in the dwelling-house situated thereon, bounded and described as follows (description omitted), and will further deliver to the said William Moser possession of said premises on or before the fifteenth day of May, 1893.

In consideration whereof the said William Moser hereby promises and agrees, to and with the said Mary E. Van Sciver, that he will, on or before the said first day of June, 1893, pay to the said Mary E. Van Sciver the further sum of $931.25, in addition to the sum already paid, together with $\frac{5}{12}$ of the taxes of the town of Norwalk for the year 1892 that may be assessed against said premises, and that he will assume and agree to pay, in said warrantee deed, as the balance of the purchase money agreed upon for the said premises, the mortgage for $5,000 now held by the South Norwalk Savings Bank, and the mortgage for $2,000 now held by Franklin Lynch of the town of Darien.

And it is further agreed that if the said William Moser shall fail to make the said payment, or to perform his agreement as aforesaid, he shall forfeit all claim to the premises described herein and all moneys paid in pursuance of this agreement.

In testimony whereof, we have hereunto set our hands and seals and to a duplicate of the same tenor and date, the day and year first above written.

MARY E. VAN SCIVER. [L. S.]
WILLIAM MOSER.      [L. S.]

conveyance of said premises to the said William Moser they should be conveyed to his wife, the said Minnie Moser, upon the terms and for the price mentioned in said agreement with said William Moser, and on said day a conveyance was made of said premises to the said Minnie Moser, she, the said Minnie Moser, then agreeing by parol to pay, as a part of the purchase price of said premises, the said mortgage then and now held by the plaintiff, a copy of which deed to her, filed in court and marked *Exhibit C,** is made a part of this paragraph.

---

### *Exhibit C.

To all people to whom these presents shall come : greeting.

Know ye that we, William Van Sciver and Mary E. Van Sciver, husband and wife, of the town of Norwalk in the county of Fairfield and State of Connecticut, for the consideration of one dollar and other valuable considerations, received to our full satisfaction of Minnie Moser, wife of William Moser, Jr., of the city, county and State of New York, do give, grant, bargain, sell and confirm unto the said Minnie Moser all those two (2) certain tracts or parcels of land, with the buildings thereon standing, situated in said town of Norwalk, at Five Mile River, so-called, and bounded and described as follows (description omitted).

To have and to hold the above granted and bargained premises, with the privileges and appurtenances thereof, unto her, the said grantee, her heirs and assigns forever, to her and their own proper use and behoof. And also, we, the said grantors, do for ourselves, our heirs, executors and administrators, covenant with the said grantee, her heirs and assigns, that at and until the ensealing of these presents we are well seized of the premises as a good indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as is above written, and that the same is free from all encumbrances whatsoever, except a mortgage for $5,000 now held by the South Norwalk Savings Bank and a mortgage for $2,000 now held by Franklin Lynch of Darien, in said Fairfield county, which mortgages the said grantee hereby assumes and agrees to pay, so far as they are legal liens upon said premises, as part of the purchase price of said premises.

And furthermore, we, the said grantors, do by these presents bind ourselves and our heirs forever to warrant and defend the above granted and bargained premises to her, the said grantee, her heirs and assigns, against all claims and demands whatsoever, except the mortgages aforesaid.

In witness whereof we have hereunto set our hands and seals this 15th day of May, Anno Domini 1893.

MARY E. VAN SCIVER. [L. S.]
WM. VAN SCIVER. [L. S.]

6. Said note is still owned by the plaintiff, and is due and wholly unpaid.   7. Said William Moser and Minnie Moser are now in possession of said mortgage premises.

"The plaintiff claims: 1. A foreclosure of said mortgage. 2. Possession of said mortgaged premises."

The defendants demurred to this complaint, "because on March 31st, 1890, when the note and mortgage deed were given by the said Mary E. Van Sciver to the said Theophile Euphrat, the said Mary E. Van Sciver was a married woman and the lawful wife of William H. Van Sciver, and the complaint does not aver that the said William H. Van Sciver and the said Mary E. Van Sciver jointly executed said mortgage deed and duly acknowledged and recorded the same."

The Superior Court overruled the demurrer, and, there being no further defense, rendered judgment for the plaintiff. The defendants have appealed to this court.

There is really but one error assigned: that the court erred in overruling the defendants' demurrer.

*John H. Light*, for the appellants (defendants).

*Levi Warner*, for the appellee (plaintiff).

ANDREWS, C. J.   The complaint shows that on the 31st day of May, 1890, Mary E. Van Sciver was the owner of certain land in Norwalk which had been conveyed to her on her personal credit and which she had purchased as her sole and separate estate.   In payment of a part of the purchase price of said land she had given her own note for $2,000, and secured the payment of the same by a mortgage of the land. The plaintiff is now the owner of the said note and mortgage.

About the first day of May, 1893, the said Mary E. Van Sciver and the defendant William Moser entered into an agreement in writing, by which the said Mary promised to sell and convey the said land to the said William for a certain price therein indicated, which price the said William promised to pay; a part of the said purchase price to be paid by his assuming the said mortgage to the plaintiff and prom-

ising to pay the note secured thereby. At a later date, to wit, about the 15th day of May next thereafter, in pursuance of said writing and in the performance on her part of its stipulations and at the request of the said William, the said Mary conveyed said land to Minnie Moser, the wife of the said William, by a warrantee deed excepting the mortgages thereon. In her deed the mortgage to the plaintiff is specified and the instrument provides that such incumbrance "the said grantee hereby assumes and agrees to pay, as far as it is a legal lien upon said premises, as a part of the purchase price of said premises." At all these dates Mary E. Van Sciver was a married woman, married prior to 1877. The mortgage deed to the plaintiff's assignor was not signed by her husband. Her deed to the defendant was executed by her and her husband together.

Upon these facts the defendant insists that the complaint is insufficient, and that the Superior Court erred in granting the plaintiff's prayer for a foreclosure.

One or two preliminary observations will help to make clear the discussion of this claim. The deed to Mrs. Moser was made at the request of her husband and in the performance of a written agreement which he had entered into. She must therefore be presumed to have had knowledge of and to be bound by all the stipulations and promises in that agreement. That agreement is not merged in the deed, for the reason (1) that the parties to the deed are not the same as were the parties to the agreement; and (2) because a deed of land is intended to convey the title to the land, and is not intended to express the contract between the parties in pursuance of which the deed is given. *Collins* v. *Tillou*, 26 Conn. 368; *Haussman* v. *Burnham*, 59 id. 117; *Hall* v. *Solomon*, 61 id. 476; *Caulfield* v. *Hermann*, 64 id. 325.

According to these authorities the trial court, in passing upon the sufficiency of the complaint and upon the plaintiff's claims for relief, was bound to consider the agreement between William Moser and Mrs. Van Sciver, as well as the deed from Mrs. Van Sciver to Mrs. Moser. Considering both these papers, the trial court had the case where property was

conveyed to a married woman upon her agreement to assume and pay, as a part of the consideration for said conveyance, a certain note and mortgage which was specifically named, and being so specifically named was specifically assumed; and then there was a specific promise to pay it. There was an agreement in writing for a good consideration to assume a mortgage. As against Mrs. Moser the mortgage so assumed became a good mortgage. It was in equity the same as though she had herself given the mortgage. The case so presented comes fully within the decision of this court in *Hall* v. *Hall*, 50 Conn. 104. In that case land was conveyed to a married woman upon her promise to give a mortgage to secure certain notes. The wife afterwards refused to unite with her husband in giving the mortgage. This court held that, under the circumstances stated, the agreement to give the mortgage was in equity to be treated as though it was a mortgage. The court said: "This seems to be a proper case for the application of the maxim that equity looks upon that as done which ought to have been done. 'The true meaning of this maxim is, that equity will treat the subject-matter, as to collateral consequences and incidents, in the same manner as if the final acts contemplated by the parties had been executed exactly as they ought to have been; not as the parties might have executed them. . . . The most common cases of the application of the rule are under agreements. All agreements are considered as performed, which are made for a valuable consideration, in favor of persons entitled to insist on their performance. They are to be considered as done at the time when, according to the tenor thereof, they ought to have been performed.' 1 Sto. Eq. Jur. § 64 *g*." As to the same point see *Atwood* v. *Vincent*, 17 Conn. 575, and *Chapman* v. *Beardsley*, 31 id. 115, 117. "Whenever the holder of property is subject to an equity in respect of it, the court will, as between the parties to the equity, treat the subject-matter as if the equity had been worked out, and as impressed with the character it would then have borne." Ad. Eq. (6th ed.) 295; 1 Pom. Eq. Jur. § 364.

The argument of the defendants in this case is, that as the husband of Mary E. Van Sciver did not execute with her the mortgage deed now owned by the plaintiff, that mortgage deed is void. This is a claim to which we are not prepared to assent to the extent claimed by the defendants. It is at least open to question whether a husband has any such interest in the sole and separate real estate of his wife that his failure to join with her in a deed of such lands is, in any event, anything other than the defective execution of a valid deed. *Pease* v. *Bridge*, 49 Conn. 58, 60; *Stafford Savings Bank* v. *Underwood*, 54 id. 2. In the case last cited the court, after reciting the statute (now § 2960) said: "It is manifest that under this statute the only limitation upon the wife's power of alienation of her real estate is the consent of her husband. When that is evidenced by his joining her in the execution and acknowledgment of the deed, the power of the wife to transfer her estate is perfect and unrestricted." May it not be that the consent of a husband to a deed made by his wife, shown in some other way than by his execution of the deed, would make the deed a good equitable conveyance of the land? In such a case the husband would certainly be estopped to say that the deed was void or even defective. We have, however, no occasion to pass on this claim.

The husband of Mary E. Van Sciver did unite with her in the execution of the deed to Mrs. Moser under which she makes her present claim. He must be presumed, at least in the absence of evidence to the contrary, to have had knowledge of the agreement in pursuance of which it was given. In that agreement the mortgage held by the plaintiff is mentioned as a valid, subsisting conveyance. Having executed that deed Mr. Van Sciver could not be heard to say that there was any defect in the said mortgage deed.

But the mortgage deed upon which the plaintiff rests his claim was not void according to the authorities in this State. The land mortgaged belonged to Mrs. Van Sciver as her sole and separate estate. Her deed of it under the circumstances set forth in the record was a good equitable conveyance;

*Donovan's Appeal,* 41 Conn. 551; *Hitchcock* v. *Kiely,* ibid. 611; *Haussman* v. *Burnham,* 59 id. 117, 133; and created a good equitable mortgage which Mrs. Moser assumed and promised to pay.

There is no error.

In this opinion the other judges concurred.