MILBERT F. PRICE ET AL. (THE PURITAN MANUFACTURING COMPANY) vs. GEORGE F. BOUTEILLER ET AL.

Third Judicial District, New Haven, June Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Even construed in the liberal spirit of the Practice Act, a complaint is insufficient if it does not state the material facts upon which the pleader relies. Essential allegations are not to be supplied by conjecture or remote implication.

A complaint may withstand an attack after verdict or judgment which it could not have withstood had it been challenged on demurrer.

In a suit to recover for goods sold, the complaint alleged that the "order," which was attached to it as an exhibit, was signed and

given by the defendant and accepted by the plaintiff, and that the plaintiff delivered the goods called for by the order; but did not state what the goods were. The order itself contained no specific list of goods to be furnished, but referred in general terms to various classes of articles, stating the maximum and minimum prices, and left it uncertain by whom the selection of the articles desired, which were to amount to $200, was to be made. The exhibit contained no undertaking on the part of the defendant other than such as might be implied from a clause requesting the plaintiff "to ship the goods listed in this order upon the terms named therein." *Held* that the complaint was vague, uncertain and indefinite, and demurrable for want of essential allegations.

A so-called "bill of particulars" in the form of an ordinary bill of goods sold was filed in court, but it did not refer to the complaint nor the complaint to it. *Held* that as the complaint was not upon the common counts but special in form, the paper filed was unknown to our system of pleading and afforded no real light as to the subject-matter or terms of the contract.

Argued June 5th—decided July 30th, 1906.

ACTION upon an alleged contract to recover for merchandise sold and delivered to the defendants, brought to and tried by the Court of Common Pleas in Fairfield County, *Curtis, J.,* upon a demurrer to the complaint; the court sustained the demurrer and rendered judgment for the defendants, from which the plaintiffs appealed. *No error.*

*Aaron T. Bates,* for the appellants (plaintiffs).

*Samuel Tweedy,* for the appellees (defendants).

PRENTICE, J. The plaintiffs seek to recover damages for the breach of a written contract. It appears from the brief in their behalf, that the facts upon which they rely or must rely for recovery, are : (1) the delivery by the defendants to the plaintiffs of a signed order for goods of the latter's manufacture, specifically undesignated but to be made up of articles contained in a certain schedule and satisfying certain specified requirements in respect to material and quality, and of the value in the whole of $200 at the plaintiffs' prices; (2) the delegation to the plaintiffs of the power to

select from said scheduled goods those which should be sent in filling said order; (3) the agreement, express or implied, on the defendants' part to pay said sum for such goods so selected and delivered; (4) the acceptance by the plaintiffs of said order, and its fulfillment by the plaintiffs' selection and delivery to the defendants of articles conformable to said order and delegation; and (5) the failure of the defendants to pay said sum in the manner agreed.

It was therefore incumbent upon the plaintiffs to make such averments that these facts should appear either expressly or by implication of law, and appear with reasonable certainty. To this end they were privileged to choose their own language, and in the liberal spirit of our Practice Act that language would be accorded such reasonable construction as would give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. But we have not adopted such lax methods that a pleader will be protected in either leaving essential allegations to be supplied or gathered by remote implication or conjecture. It has ever been the policy of courts to exercise no small measure of ingenuity in bringing favorable implications and presumptions to the aid of the allegations of declarations and complaints after verdict or judgment, but the reason for such a rule of construction does not exist where a pleading is attacked upon demurrer, and it has never been adopted under such circumstances.

The plaintiffs have filed three papers, to wit: a complaint proper, a writing annexed to the complaint as an exhibit, and a so-called bill of particulars. This last paper is nowhere referred to in the complaint and does not refer to the complaint. It cannot be said to be a particular description of that of which the complaint contains a sufficient general description, as provided in Rule 145. Rules of Court, p. 44. In form it is nothing more than an ordinary bill of goods sold, bearing at its head the words "Bill of Particulars." As the complaint was one upon a special

count, this paper is therefore one unknown to our system of pleading and performs no office.   We may conjecture what it was intended to disclose, but the pleader has nowhere told us, and no rule of practice gives it language.

There remain the complaint proper and the exhibit, from which the plaintiffs' cause of action is to be gathered.   The complaint itself limits its allegations setting up the contract relied upon, its subject-matter, and the plaintiffs' performance of the condition precedent to their right of recovery, to the general statements that the exhibit, which is in its entirety denominated an "order," was made and delivered by the defendants to the plaintiffs and accepted by the latter, and that the latter delivered to the defendants said goods as ordered in said exhibit, and did all things required by said exhibit to be done by them.   No further information is vouchsafed, and the exhibit is thus left to tell the plaintiffs' story.

It is unnecessary to comment upon the laxity of this method of pleading in such a case.   It is enough that the exhibit proves to be a unique document so singularly vague and indefinite in its terms, and so peculiarly lacking in contractual language, that it aids little in giving certainty to the allegations of the complaint.   The only portion of it which the defendants appear to have signed, or which contains any language expressive of or implying any undertaking on the defendants' part, is that apparently independent portion which requests the plaintiffs "to ship the goods listed in this order upon the terms named therein." No such list appears in either the order itself or the entire exhibit, and there is nothing in the whole document to indicate the goods ordered or which became the subject of the order.   The exhibit recites in general terms a considerable number of classes of goods, each class containing articles of the same general description but having a wide range of prices stated only in maxima and minima, from which goods a selection might be made, and adds: "and amounting to $200."   The order makes no selection, and there is nothing to indicate that the plaintiffs ever exer-

cised that right and supplied the missing list. If, therefore, the plaintiffs had a right of action, they either failed to allege an essential element in it, or relied upon a collateral agreement not disclosed, or rested upon an implication that the plaintiffs had the right to make the selection of the goods to be furnished under the order, and exercised it. We now know that the latter was the case, but there is nothing in either the pleading or the exhibit to relieve the uncertainty and to disclose the plaintiffs' position, save as it might be conjectured, and even conjecture could not furnish assistance in an attempt to discover what was claimed to be the subject-matter of the transaction between the parties, or for what payment was sought.

Nor is this all. The plaintiffs seek recovery for the defendants' breach of some contractual obligation. Nowhere in the express language of the exhibit can this undertaking, whose character the plaintiffs have not attempted to state, be found, and it is impossible to know what the plaintiffs conceive it to have been. Doubtless the signature and delivery of the order carried with them some obligation. What that obligation was, however, can only be gathered from an interpretation of the exhibit in its several parts, and it is only by means of such an interpretation and a conjecture that the interpretation thus reached corresponds with the plaintiffs' undisclosed interpretation, that the allegations of the complaint in material parts can be made to assume an intelligible and definite meaning, which, however, may or may not be the pleader's. The complaint should not have been subject to such uncertainty, which left the defendants and the court unadvised with a reasonable degree of precision of the grounds and subject-matter of the charge which was sought to be imposed upon the defendants.

It is quite possible that this complaint is one which after judgment would be held sufficient to support the judgment rendered thereon, but as a statement of a cause of action attacked upon demurrer and susceptible of amendment, too much was left in uncertainty, and to be supplied

by implication or conjecture, to entitle it to the stamp of
a court's approval as a basis of issues to be framed and ad-
judicated.

There is no error.

In this opinion the other judges concurred.