JOHN J. O'NEILL *vs.* MICHAEL CONWAY.

Second Judicial District, Norwich, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

False representations, relied and acted upon to one's loss, are actionable when made either knowingly or recklessly, with an intent to deceive, or when made under an unreasonable, groundless belief in their truth, with intent to induce the other party to act upon them.

In the present case the defendant greatly overstated the frontage and depth of his lot, intending that the plaintiff, who was unfamiliar with real estate measurements, should, as he did, rely on such state-

O'Neill *v.* Conway.

ments in buying the property. The defendant had no actual knowledge as to the truth of his statements nor any reasonable ground for believing them, but based them on memory and guess, without ever having ascertained the accurate measurements as he represented he had done. *Held* that the representations were actionable, notwithstanding the boundaries of the lot were pointed out to the plaintiff during the negotiations for the sale, when he could have measured the distances between them had he chosen to do so.

Argued October 21st—decided December 2d, 1914.

ACTION to recover damages for alleged fraudulent representations as to the dimensions of land purchased by the plaintiff of the defendant, brought to and tried by the Court of Common Pleas in New London County, *Waller, J.;* facts found and judgment rendered for the plaintiff for $300, and appeal by the defendant. *No error.*

*Frank L. McGuire* and *John H. Barnes,* for the appellant (defendant).

*William H. Shields* and *William H. Shields, Jr.,* for the appellee (plaintiff).

WHEELER, J. We have examined the evidence and are of the opinion that the assignments of error based upon facts claimed to have been found without evidence, and upon claimed facts which the trial court refused to find, are not well taken.

The action is brought to recover damages for fraudulent representations concerning the dimensions of a lot of land sold the plaintiff by the defendant. The essential facts of record are:—

The defendant represented to the plaintiff that his lot of land measured on the west or Lafayette Street line 131 feet in length, and the same length on the east line, and measured 157 feet in depth on the south and

north lines; and that he had measured these distances and they were accurate. The plaintiff was induced to purchase the lot and accept a deed for the same, and pay the purchase price agreed upon, because of his reliance upon the representations. The defendant made the representations with the intent that the plaintiff should rely upon them.

The lot sold measured 94.15 feet on the west or Lafayette Street line, 80.5 feet on the rear or east boundary line, 136.3 feet in depth on the north boundary line, and 137.8 feet in depth on the south boundary line. The lot, as represented, contained 21,567 square feet; the lot in fact sold contained 11,930.45 square feet, and was worth $300 less than it would have been worth had it been as represented.

The defendant at the time he made these representations had no actual knowledge thereof nor any reasonable ground for believing them, but based them on memory and guess, and had not ascertained the measurement between the bounds as he represented he had.

The defendant pointed out the boundaries of the lot to the plaintiff during the negotiation leading up to the sale, and he fully understood them, but did not measure these distances, although he had the opportunity to do so. The plaintiff was unfamiliar with dealing in real estate, and with the lengths and distances of bounds, and had had no experience in measuring real estate. Aside from these representations the defendant made no effort to prevent the plaintiff ascertaining the true measurements.

The only other assignment of error which requires consideration is that the statements as to the distances between the bounds did not constitute fraudulent representations, since the plaintiff knew the bounds and had full opportunity to take the measurements. The representations were false. They were

actionable if made either knowingly or recklessly, with an intent to deceive, or under a belief in their truth for which there was no reasonable ground, and with intent to induce the plaintiff to rely upon them, and loss resulting to him from such reliance. One who has the best means of knowledge, who ignorantly but falsely asserts the truth of a fact in order to secure a benefit to himself is guilty of a fraud. He may not assert as a fact what he does not know. *Scholfield Gear & Pulley Co.* v. *Scholfield,* 71 Conn. 1, 19, 40 Atl. 1046. The defendant owner had the best means of knowing the true measurements of his lot. Without knowledge, he recklessly represented that the measurements given by him were as actually made by him. He made false representations to induce the plaintiff to rely upon them. The plaintiff did rely upon them to his loss. The case is clearly one of constructive fraud.

It matters not that the plaintiff had the opportunity to have made these measurements. He did not do so, nor attempt an independent investigation or inspection. He saw the space between the bounds, he did not appreciate the distances. He relied upon those given him by the defendant. Nor does his knowledge of the bounds forbid his right of action. He did not know, nor, under the circumstances, was he bound to know, the measurements of the lot. His unfamiliarity with lengths and distances of bounds made it both easier for him to have been deceived, and more reasonable that he should accept and rely upon the measurements given him by the defendant, and, too, it tends to negative the claim that he ought to have used his opportunity to know what the measurements were. His omission to make these measurements was a natural consequence of the fraudulent representations. The defendant may not say to the plaintiff: you cannot re-

cover although you believed the representations of fact which I made and acted upon them to your loss.

We have held that false representations to a vendee, of the acreage of land, are statements of fact, and may constitute fraudulent representations, even though the vendee might have ascertained their falsity. *Lovejoy* v. *Isbell*, 73 Conn. 368, 375, 47 Atl. 682. Massachusetts holds to the doctrine that false representations as to area, when the true boundaries are pointed out, are not actionable; *Mabardy* v. *McHugh*, 202 Mass. 148, 88 N. E. 894; but the accepted doctrine is as we have held. *Boddy* v. *Conover*, 126 Iowa, 31, 41, 101 N. W. 447; *Shell* v. *Roseman*, 155 N. Car. 90, 93, 71 S. E. 86. So, too, representations as to the dimensions of a city lot are representations of fact, and may furnish the foundation for an action for fraudulent representations. Every essential element to support such an action is found in this record.

There is no error.

In this opinion the other judges concurred.