ANNIE PRELESKI *vs.* ANTONIO FARGANIASZ ET AL.

First Judicial District, Hartford, March Term, 1922.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KELLOGG, JS.

The plaintiff sought to foreclose a mortgage on a farm which she had
    sold to the defendants, and which they had mortgaged back to
    her for $1,800 to secure their note for that part of the purchase
    price. The answer and counterclaim of the defendants were to the
    effect that in a written contract preceding the conveyance, the
    plaintiff had promised and agreed to deed to them a farm of sixty
    acres, whereas in fact the farm conveyed contained but forty-five
    acres, causing them a loss or damage of more than $2,000. Upon
    the trial the defendants proved the foregoing allegations of their
    answer and counterclaim, but failed to furnish the trial court with
    evidence upon which their damages, if any, caused by the plain-
    tiff's breach, could be legally estimated. The trial court thereupon
    rendered judgment for the plaintiff for the full amount of the note
    with interest, treating the case as though it presented a charge of
    fraudulent representations upon the part of the plaintiff, which
    the defendants had failed to establish. *Held* that in so doing the
    court erred; that the plaintiff had obviously broken her contract
    and was not entitled to a judgment for the full amount of her note,
    though the damages occasioned by such breach had not been
    legally shown; and therefore the cause must be remanded for a
    further hearing upon that branch of the case, upon the determin-
    ation of which depended the judgment to be ultimately rendered.
Pleadings should state the material facts with reasonable certainty; and
    if they fail to clearly define the issues, the court will give the al-
    legations such a construction as will make them conform to the
    general theory intended by the parties and at the same time do
    substantial justice between them. But allegations of fraud, or of
    fraudulent representations, are not to be supplied by conjecture
    or by remote implication.
An allegation that the plaintiff agreed in writing to convey a farm of sixty
    acres but in fact conveyed one of only forty-five, does not allege
    fraud but only a breach of contract.

Argued March 7th—decided March 29th, 1922.

SUIT to foreclose a mortgage of real estate and for
possession of the premises, brought to and tried by the

Superior Court in Hartford County, *Banks, J.;* facts
found and judgment rendered for the plaintiff, and
appeal by the defendants. *Error and cause remanded.*

The complaint alleged that on May 3d, 1920, the
defendants owed the plaintiff $1,800, as evidenced by
their promissory note for that sum, dated on that day
and payable six months after date to the plaintiff or
order, with interest and taxes, for value received; that
by their deed of that date, to secure this note, the de-
fendants mortgaged to the plaintiff a certain described
farm in Southington; that this note was still owned by
the plaintiff, and was due and wholly unpaid; and that
the defendants were in possession of the premises
described. The plaintiff claimed a foreclosure of the
mortgage and possession of the premises. The com-
plaint was dated December 21st, 1920.

In their answer the defendants did not deny the al-
legations of the complaint, but set up, as a special
defense, that the mortgage note was given in part
payment of the purchase price of the farm described
in the complaint, which was sold to the defendants by
the plaintiff and her husband by an agreement in writ-
ing dated April 29th, 1920, that they would sell sixty
acres of land for an agreed price, including a mortgage
note of $1,800 payable in six months; that the defend-
ants relied on the plaintiff's statements; and that the
plaintiff conveyed to the defendants only about forty-
five and a half acres of land instead of the sixty acres
agreed on. The defendants also made the same facts
the basis of a counterclaim, in which they alleged that
the plaintiff had not kept her written agreement made
April 29th, 1920, and thereby had caused a loss of $2,000
to the defendants, which they claimed to set off.

In her reply the plaintiff admitted that the note
in suit was given in part payment of the purchase
price of the farm sold by her to the defendants, as-

serted that neither she nor her husband had any knowledge that in the written agreement made April 29th, 1920, the land sold was described as being sixty acres, denied that the defendants relied on such a statement, and alleged that they had afterward accepted a deed in which the farm was described as containing only forty acres. She further stated, as to the allegation that the farm contained only about forty-five and a half acres, that she had no knowledge or information sufficient to form a belief, and denied that she had agreed that it contained sixty acres. She also denied the allegations of the counterclaim, and proceeded to say that the property bought by the defendants was duly conveyed to and accepted by them, and was worth more than the purchase price including the mortgage note.

In a rejoinder the defendants alleged that the plaintiff and her husband did have knowledge of the contents of the written agreement of April 29th, 1920, and denied that they accepted any deed describing the farm as containing only forty acres; and, further, they set forth things which are evidential, repetitious and superfluous.

In a surrejoinder the plaintiff denied the material allegations of the rejoinder.

*Cornelius J. Danaher* and *Zygmunt J. Czubak*, with whom, on the brief, was *John A. Danaher*, for the appellants (defendants).

*Kendall M. Pierce*, with whom, on the brief, were *Noble E. Pierce* and *Thomas F. Welch*, for the appellee (plaintiff).

BURPEE, J. The pleadings following the complaint in this action do not contain plain and concise state-

ments of the facts on which the pleaders relied. They are prolix and in places obscure and uncertain, and they are encumbered by unnecessary repetition and the recitation of evidential matter. They suggest an application of the rules and remedies respecting pleadings which came into force with our Practice Act forty-two years ago, and which are still prescribed in §§ 5637 and 5639 of the General Statutes. The burden was upon the pleaders to make such averments that the material facts should appear with reasonable certainty; and for that purpose they were allowed to use their own language. Whenever that language fails to define clearly the issues in dispute, the court will put upon it such reasonable construction as will give effect to the pleadings in conformity with the general theory which it was intended to follow, and do substantial justice between the parties. *Price* v. *Bouteiller*, 79 Conn. 255, 64 Atl. 227. But essential allegations may not be supplied by conjecture or remote implication. *Ibid.* Interpreting these pleadings in this manner, it seems to us that the foregoing statement of facts presents the material allegations which are sufficient to define the issues in dispute fairly and justly to both parties. It appears that the facts stated in the complaint respecting the note and mortgage were not denied, and are therefore accepted as true. But the defendants attempt to escape the legal effect of these facts under a special defense in which they assert that the consideration for this note and mortgage was the sale and conveyance to them by the plaintiff of a farm represented and warranted by her to contain sixty acres of land, with its buildings, stock and tools, in accordance with a specified written agreement; that they bought the farm relying on these statements; and that the plaintiff has not kept this agreement because she has given to them a farm containing only about forty-

five acres of land; wherefore, because of this breach of the contract and the consequent failure of consideration for the note and mortgage, they claim that a foreclosure should not be decreed. This answer sets forth a defense on the ground of a breach of contract, and not one for fraud in the sale. No fraudulent representation is set up or is to be implied. *O'Neill* v. *Conway*, 88 Conn. 651, 92 Atl. 425; *Sallies* v. *Johnson*, 85 Conn. 77, 82, 81 Atl. 974.

In reply the plaintiff denies that the consideration for the note was the sale and conveyance of sixty acres of land, denies that she represented and agreed that the farm contained sixty acres of land and that the defendants relied on her statements to that effect. She did not expressly deny that she made the sale by the written agreement described in the answer, or that she had given the defendants a farm consisting of only about forty-five acres of land.

Upon the trial of these definite issues, the defendants produced the agreement in writing. It explicitly states that the plaintiff, in consideration of $200, the receipt of which was thereby acknowledged, "agrees to execute and deliver to the" defendants "a good and sufficient warranty deed of the farm and buildings, all stock, tools, and implements as per inventory, located in the town of Southington, Conn., on Pleasant Street, 60 acres of land, for the agreed price" and terms stated in the answer. This contract was signed by the plaintiff's husband, admittedly acting for her and for himself as part owner of the property, and by one of the defendants, acting for himself and his wife, the other defendant; and was witnessed by Oscar Goldner. It appears in the testimony of Goldner and of the plaintiff's husband, that Goldner was the plaintiff's agent employed to sell the farm, that he had procured the defendants as purchasers, that he dictated the agree-

ment to a typewriter in the presence of both parties and in accordance with information given by the plaintiff's husband, that thereupon he read it to the parties, that they signed it, and that a copy was given to each; and that at the same time the defendants paid the plaintiff's husband $200, and he gave them a receipt therefor. The evidence presented in the written agreement itself and the foregoing facts relating to its preparation and execution, seem to lead irresistibly to the conclusion that the acreage of the farm to be conveyed was the important part of the consideration for the mortgage note; that the plaintiff made positive representations as to the acreage; and that the defendants relied on these representations when they made the bargain for the purchase of the property. These facts, together with the admitted fact that the plaintiff did not execute and deliver to the defendants a warranty deed conveying sixty acres of land as she agreed to do, establish all the essential allegations of the answer, and would justify a judgment for the defendants.

We have not overlooked some allegations and testimony relating to things said and done by the parties after April 29th, 1920, when the agreement had been completed and executed. It is evident that these matters, either in the form in which they are presented or by reason of any force in themselves, could not affect in any way the rights and obligations of the parties thus previously fixed and stated. It cannot be maintained that the deed executed on May 3d, 1920, expressed the terms of the contract of sale. The function and effect of a deed is merely to pass the title to the land, pursuant to the terms of the agreement. It could not change them. *Hall* v. *Solomon*, 61 Conn. 476, 482, 23 Atl. 876; *Lynch* v. *Moser*, 72 Conn. 714, 719, 46 Atl. 153. The delivery of this deed disclosed

the breach; its acceptance did not close the breach or by itself relieve the plaintiff from the consequences.

Like their defense, the defendants' counterclaim is based on the plaintiff's breach of her contract to execute and deliver a warranty deed of a farm containing sixty acres of land. In her answer to this counterclaim the plaintiff denied this breach. It was proved and admitted in the evidence, and appears in the finding of facts. It was made by the plaintiff's neglect and refusal to execute and deliver to the defendants a deed conveying a farm containing sixty acres of land.

But the finding discloses that the defendants did not produce evidence upon which their damages caused by this breach, if any, could legally be estimated. No evidence was offered as to the value of the personal property that formed some part of the consideration for the agreement to sell and to buy the farm, and which the defendants have received. There was no evidence that the property they have received was worth less than they paid for it. It is found that the farm actually conveyed to the defendants contained about fifteen acres less than the acreage the plaintiff contracted to convey, and that the farm land was worth $75 an acre; but it does not necessarily follow that every acre of the shortage would be of that value. Because of the failure to produce proper evidence, the court cannot assess in money the damages the defendants sustained, or indeed that they have suffered any damage.

The trial court erred in finding that the plaintiff made no representations as to the total acreage of the farm, and in finding that the defendants did not rely on any representations she made. It also erred in finding that her husband and joint owner of the farm did not understand that the written agreement which he signed described the farm as containing sixty acres;

because even if it be believed that he did not understand English perfectly, it was admitted that his agent employed for the purpose dictated the agreement and knew its contents, and read it to both parties. He must be held to have known the contents of the paper he signed. *Kornblau* v. *McDermant*, 90 Conn. 624, 629, 98 Atl. 587. Moreover, as we have said, both the answer and the counterclaim allege a contract and a breach of it; and therefore it was not necessary to set up or prove that the plaintiff knew that the statements made were false. *Booth* v. *Northrop*, 27 Conn. 325, 329. The finding must therefore be corrected in these particulars. Thus corrected, it will not sustain the conclusion of the court.

But it does not follow that the plaintiff may not have a valid mortgage upon the farm for some portion of the $1,800 note. That depends upon how much damage the defendants may have suffered from the plaintiff's breach of contract; and until that has been determined upon competent legal evidence, it is impossible to say whether the plaintiff or the defendants will be entitled to final judgment.

There is error, the judgment is set aside and the cause remanded for further proceedings in conformity with this opinion.

In this opinion the other judges concurred.