## AL's, INC. *v.* JOHN HORN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-6511-22426

Argued February 27—decided April 14, 1967

*William M. Vishno,* of New Haven, for the appellant (plaintiff).

*Robert E. Reilly,* of New Haven, for the appellee (defendant).

PER CURIAM. This appeal from a judgment rendered for the defendant after a court trial presents nothing more than an attack on the court's finding of facts and conclusions drawn therefrom.

On July 3, 1965, the plaintiff was the owner and operator of a restaurant, known as Al's Luncheonette, at 350 Whalley Avenue in New Haven. At about 2 a.m. on that date, a brawl occurred in the restaurant, resulting in damage to the plaintiff's property, loss of some income due to the quick exodus of patrons who failed to pay their checks, and loss of goodwill. The defendant filed an answer pro se in which he alleged, inter alia: "I, John Horn, plead not guilty to all the . . . charges." The defendant appeared pro se at the trial.

The court found that the defendant took no part in the disturbance which occurred in the restaurant; moreover, the court also found that the defendant did nothing to encourage those who were creating the disturbance. The court specifically found that "[t]he defendant committed no acts of violence or any acts of a malicious nature." It concluded that (1) the defendant committed no tort; and (2) the conduct of the defendant was not the proximate cause of the disturbance and the plaintiff's damage.

The plaintiff claims that "[t]he defendant in his answer admits everything alleged in the plaintiff's complaint except sub-sections A-1 of paragraph 3." It is true that the answer lacked technical skill and precision; nevertheless, it was sufficient "to apprise the court and opposing counsel of the issues to be tried." *Biller* v. *Harris,* 147 Conn. 351, 357. "Whenever . . . language [of the pleader] fails to define clearly the issues in dispute, the court will put upon it such reasonable construction as will give effect to the pleadings in conformity with the general theory which it was intended to follow, and do sub-

stantial justice between the parties." *Preleski* v. *Farganiasz,* 97 Conn. 345, 348; see *Price* v. *Bouteiller,* 79 Conn. 255, 257. "[I]t is not the policy of the law to encourage technical objections to pleadings, which do not tend to promote a trial on the merits and the logical and expeditious administration of justice." 71 C.J.S. 19, Pleading, § 1. The answer in this case can hardly be said to be well pleaded, "but we see no reason why we may not treat the action upon the same basis as did the trial court and . . . [the parties]." *Krooner* v. *Waterbury,* 105 Conn. 476, 478.

Viewed in this way, the case turns entirely on the question of credibility. The credibility of witnesses was the trial court's responsibility. *Setaro Motors, Inc.* v. *Intelisano,* 151 Conn. 590, 592; *Banks* v. *Adelman,* 144 Conn. 176, 179. "It is not given to us to retry a case. . . . The case presented controversial issues of fact which were solely within the province of the trial court to decide." *Katz* v. *Martin,* 143 Conn. 215, 217.

There is no error.

PRUYN, JACOBS and KINMONTH, Js., participated in this decision.