[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANTS' MOTIONS TO STRIKE
This case involves a dispute over real estate development investments. The principle plaintiff is Louis Brunette, Sr., who entered into a series of real estate development partnerships and corporations with defendants Michael D'Addabbo and Terry Fletcher. Brunette's children Louis Brunette, Jr., Guy Brunette, and Susan Gaffney also invested in these partnerships and are also plaintiffs in this case. Between them all, the plaintiffs allegedly invested more than $3 million in the various real estate development concerns managed by the defendants. They now seek money damages and other relief against the defendants on a number of grounds. Two other remaining defendants, the D'Addabbo Family Trust and TFMD Associates, are also alleged to have been involved in depriving plaintiffs of their investment funds. CT Page 4289
The pleadings in this case already have been the subject of a great deal of litigation. The present complaint, the Third Amended Complaint, sets forth eleven counts. The defendants D'Addabbo and TFMD Associates and the defendants Fletcher and D'Addabbo Family Trust have filed separate motions to strike. Each count of the complaint except Count Ten is challenged by one or both sets of defendants' motions to strike.
A motion to strike contests the legal sufficiency of the allegations of a complaint. Practice Book § 152. All well-pleaded allegations are admitted as true for the purposes of ruling on the motion. Kilbride v. Dushkin PublishingGroup, Inc., 186 Conn. 718, 719 (1982). A motion to strike cannot be opposed by facts outside of the attacked pleading. State v. Bashura, 37 Conn. Sup. 745, 748 (1981). Therefore, the question here is whether the plaintiffs have in each count of their complaint set forth sufficient allegations to establish a cause of action. For the reasons set forth below, the defendants' motions to strike are denied, except as to the last count.
Counts One and Two
Counts One and Two allege fraudulent misrepresentation by the defendants D'Addabbo and Fletcher. In his brief the defendant D'Addabbo argues that because these counts were found deficient in a motion to strike put forward by the Bristol Savings Bank, a former defendant in this case, that they are likewise deficient as to him. This "law of the case" argument must fail. The relationship of the plaintiffs with the Bristol Savings Bank was substantially different that their relationship with the defendants D'Addabbo and Fletcher.
Defendant Fletcher argues that Counts One and Two should be stricken for failure to sufficiently state a cause of action in fraud. A cause of action in fraud must properly consist of four elements: (1) that a false statement was made as a statement of fact; (2) that the statement was known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter party did rely on the statement to his detriment. Billington v. Billington, 220 Conn. 212, 217
CT Page 4290 (1991); Kilduff v. Adams, 219 Conn. 314, 329 (1991). The plaintiffs' complaint states three of the four elements in good fashion; the defendants' best argument is that the second element is not clearly stated. However, as our Supreme Court recently noted, "[t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically."Norman Josef Enterprises, Inc. v. Connecticut National Bank,230 Conn. 486, 496 (1994), quoting Beaudoin v. Town Oil Co.,207 Conn. 575, 587-88 (1988). Furthermore, "the complaint must be read in its entirety in such a way as to `give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties." Dornfried v. October Twenty-Four, Inc.,230 Conn. 622, 629 (1994), quoting Price v. Boutellier,79 Conn. 255, 257 (1906). The purpose of our fact-pleading system is not to require formalistic recitations of legal elements. The second element of the cause of action in fraud — that the statement was known to be untrue by the party making it — is not explicity [explicitly] averred, but it can be fairly understood to have been alleged in light of the totality of the allegations in both counts. Accordingly, the defendants' motion to strike is denied as to these counts.
Count Three
Count Three alleges a fraudulent scheme by D'Addabbo and Fletcher to deprive the plaintiffs of their share of partnership assets through a complex scheme of loans and cross-loans between the various real estate partnerships and corporations. The defendants challenge this count on the ground that the plaintiffs have failed to allege any facts to show damages to themselves by defendants' activities and because the plaintiffs have failed to allege that the defendants intended to defraud them. The latter argument fails for the same reasons as above: the intent element of the fraud claim can be fairly understood in light of the remainder of the count, including paragraphs incorporated by reference from previous counts. The former argument fails because the plaintiffs have sufficiently alleged damages to themselves. Paragraph 39 states that plaintiffs were damaged as a result of the Ponce Partnership being drained of its assets through defendants' actions. This statement does provide sufficient notice of the facts claimed and the issues to be tried and therefore can withstand defendants' CT Page 4291 motions to strike.
Defendants further argue that some of the loans detailed in Count Three involve entities to which plaintiffs had no ownership interest and so should be stricken. Plaintiffs allege, however, that the defendants plundered their partnership assets through a complex scheme of loans and cross-loans. It may be that plaintiffs will be unable to prove at trial any causal connection between these loans and themselves, but it is premature to exclude them at this time.
Count Four
In Count Four the plaintiffs claim that the D'Addabbo Family Trust, which was created by defendant D'Addabbo with defendant Fletcher as trustee, was never a valid trust because D'Addabbo never surrendered dominion over it. Instead, the plaintiffs allege that the trust was used by the defendants as part of their scheme to defraud the plaintiffs. The plaintiffs therefore claim that the D'Addabbo Family Trust assets should be held in constructive trust in the hands of D'Addabbo. A constructive trust may be created by the court through its equitable powers "against one who, by fraud, actual or constructive, . . . either has obtained or holds the legal right to property which he ought not in equity and good conscience hold and enjoy." Zach v.Guzauskas, 171 Conn. 98, 103 (1976).
Defendants first argue that plaintiffs have failed to allege that the D'Addabbo Family Trust fraudulently obtained or holds its assets. This argument fails for the same reasons as set forth above, in that the requisite fraud may be understood from the allegations of this count of the complaint as a whole, even though it may not be explicitly stated. Defendants also argue that the Count should be stricken because nowhere in the prayer for relief do the plaintiffs ask the Court to invalidate the Trust. But in prayer number four the plaintiffs do ask the Court to declare a constructive trust, which is sufficient.
Defendants also seek to strike this count, putting forward a number of factual allegations to argue the merits of plaintiffs' claim. But a motion to strike is limited to the facts set forth in the complaint and defendants may not introduce additional facts outside of the pleadings. CT Page 4292Kilbride v. Dushkin Publishing Group, Inc., supra. Finally, defendants argue that this claim must fail because the plaintiffs failed to name the trustee in the writ. No useful purpose is served by a hypertechnical dissection of the complaint. The allegations of Count 4 are sufficient to withstand defendant's motion to strike.
Counts Five and Six
Counts five and six allege fraudulent transfers of the D'Addabbo Family Trust assets by D'Addabbo and Fletcher in violation of C.G.S. § 52-552. Defendants argue that § 52-552
gives a remedy to only those creditors who are defrauded by the transfers. Defendants insist that the plaintiffs have not properly alleged that they were creditors of the Trust. However, as noted above, although not a model of clarity and precision, the complaint sets forth facts which, when viewed in the light most favorable to the plaintiffs, allege the invalidity of the D'Addabbo Family Trust and also allege that they are creditors of D'Addabbo. Defendants' motion to strike counts five and six is therefore denied.
Counts Seven and Eight
In Count Seven the plaintiffs allege that defendants D'Addabbo and Fletcher breached their duty to properly manage the Ponce Partnership and other investments. In Count Eight the plaintiffs allege that defendants D'Addabbo and Fletcher breached their fiduciary duty to the plaintiffs as partners. Defendant D'Addabbo first argues that these claims must fail on the basis of the Business Judgment Rule. The Business Judgment Rule is a defense to the claim and is not properly raised in a motion to strike.
The defendants also argue that these counts are deficient in that they do not properly set forth any duty owed by the defendants to the plaintiffs, as the complaint is too vague in its allegations. Again, it is the intent of our pleading system to construe pleadings broadly and realistically. Norman Josef Enterprises, Inc. v. ConnecticutNational Bank, supra. The complaint does allege a partnership relationship between the parties and that the plaintiffs relied upon the defendants for management of the partnership and other investments. This is sufficient to allege a breach of fiduciary duty. Accordingly, the CT Page 4293 defendants' motion must fail as to these counts.
Count Nine
In Count Nine the plaintiffs allege that the defendants breached an implied covenant of good faith and fair dealing. The defendants argue that the implied covenant of good faith and fair dealing only applies to contract disputes. Eis v.Meyer, 213 Conn. 29, 37 (1989). They further argue that plaintiffs' complaint fails to allege any contractual relationship between the plaintiffs and defendants. Defendants urge that plaintiffs have not plead specific facts but merely legal conclusions. Plaintiffs' count nine does allege a partnership relationship, and even though there is no specific allegation of a partnership agreement, which is a contract, that fact may be fairly implied. Therefore, defendants' motion to strike count nine is denied.
Count Twelve
The final count challenged by the motions to strike is a claim that defendants' actions were in violation of C.G.S. § 42-110b et seq., the Connecticut Unfair Trade Practices Act (henceforth CUTPA). The elements that must be alleged for a proper CUTPA claim are that (1) unfair methods of competition or unfair and deceptive acts were committed, (2) by a business person, (3) in the course of trade or commerce, and (4) causing injury to the plaintiff. Defendants argue that the plaintiffs have failed to properly plead that any such acts were committed in the course of trade or commerce. Quimby v. Kimberly-Clark Corp., 28 Conn. App. 660,669 (1992). They urge that the acts alleged in this count of the complaint were all internal to the partnership and thus were not in the course of trade or commerce. No appellate court in Connecticut has decided whether CUTPA applies to internal partnership dealings and there is a split of authority on the superior court level. The better view is that CUTPA does not apply to such partnership dealings. See,e.g., Heller v. North American Rock Co.,3 Conn. L. Rptr. 215 (Feb. 6, 1991); Chester v. Schatz Schatz, Ribicoff Kotkin, 6 Conn. L. Rptr. 526 (June 3, 1992). See also Cartav. Liva, 9 Conn. L. Rptr. No. 14, 439 (August 23, 1993);Laput v. Simons, 9 CSCR 352 (April 11, 1991); Moran,Shuster, Carignan Knierim v. August 9 CSCR 560 (June 6, 1994). But see Visconti v. Cutsinger, 1 Conn. L. Rptr. 386
CT Page 4294 (March 20, 1990). Accordingly, the defendants' motions to strike is granted as to Count Twelve.
SO ORDERED.
Robert L. Holzberg, J.