## JOHN ROBERTSON *vs.* OLIVER WOODWORTH.

Where a mill-owner has a right to the use of a reservoir and dam, the fee belonging to a third person, and is charged with the duty of maintaining the dam, and a riparian proprietor below erects a dam which sets the water back upon the reservoir dam, he can recover only for the injury to his easement.

A diminished benefit from the use of the reservoir, or an increase of the cost and trouble of keeping the dam in repair, or an obstruction of the plaintiff in his right of repairing, would constitute such an injury.

TRESPASS on the case; brought to the Superior Court in New London County, and tried to the jury on the general issue, before *Hitchcock, J.* Verdict for the plaintiff, and motion for a new trial by the defendant for error in the charge of the court. The case is fully stated in the opinion.

*Halsey* and *Pratt,* in support of the motion.

*Lippitt* and *Hovey,* contra.

PARDEE, J. Upon the trial of this cause to the jury, the plaintiff introduced evidence to prove that he was the owner of a reservoir dam and pond situated upon a stream of water called Alewife Brook, in the town of Waterford, and of the land covered by it, together with the right and privilege of supplying his paper-mill with water from it; and that the defendant erected a permanent dam across the stream between his paper-mill and the reservoir and thereby wrongfully and injuriously caused the water of the stream to set back upon the reservoir dam and into the stonework and

outlet thereof to the depth of about eighteen inches, and thereby endangered the foundations and superstructure of the dam.

The defendant claimed to be the owner of all the riparian rights on the stream between the reservoir dam and the pond of the plaintiff's paper-mill, under a lease from Ann D. Miller and others; and that in the exercise of his rights as such owner he had built the dam complained of, for the accumulation of water for use at his own mill. He admitted that the plaintiff had the right to maintain and use the reservoir dam for the purpose of accumulating water until wanted for his paper mill, and also the right to draw the water from the reservoir pond as he had occasion, for the use of his mill. But he denied that the plaintiff was the owner of the reservoir dam, and introduced evidence by which he claimed to have proved that the fee of the dam was in the said Ann D. Miller and the heirs of John S. Miller, the defendant's lessors. And he claimed that if the fee of the dam was in the Millers, the plaintiff could not recover damages for the setting back of the water against the reservoir dam, even if the burden of maintaining it was on the plaintiff. On this part of the case the court charged the jury that if they should find that the defendant, by means of his dam, had caused the water to set back upon the reservoir dam in the manner claimed by the plaintiff, the plaintiff was entitled to recover damages therefor, even though they should find the fee of the reservoir dam to be in the Millers, provided the jury should also find that the plaintiff was charged with the burden of keeping it in repair.

Upon the hypothesis that the defendant is the owner of the reservoir dam and is the riparian proprietor below it, and that the plaintiff has a right to the use of the dam for the purpose of holding the water in his reservoir, and is charged with the repair and maintenance of it, the defendant, as owner of the servient estate, may make the fullest use of his riparian rights and gain all possible profits therefrom, provided he does not thereby hinder, obstruct or disturb the plaintiff in repairing and maintaining the reservoir dam,

does not increase the labor or cost of such maintenance and reparation, does not endanger or weaken its foundation or superstructure, and does not in any way diminish the use or convenience of the servitude of the owner of the dominant estate. Washburn on Easements and Servitudes, (2d ed.,) 253.

So far then as this hypothesis is concerned, this action must be deemed to have been instituted by the plaintiff for an injury to his easement by the owner of the servient estate as a result of his effort to make an advantageous use thereof; and it is not sufficient to enable the plaintiff to recover, that he should prove, simply, that the defendant had set the water back upon the reservoir dam; but he must also prove that he was thereby disturbed in the enjoyment of his easement, or hindered or obstructed in the exercise of his right of reparation and maintenance, or that the labor and cost thereof had been increased, or that the foundations or superstructure of the dam had been endangered.

Inasmuch as the charge to the jury based the plaintiff's right of recovery merely upon the fact that the burden of maintenance and repair rested upon him, irrespective of the question whether the defendant had increased that burden or had disturbed him in the use and enjoyment of his easement, we think there should be a new trial.

In this opinion the other judges concurred.