ANDREW P. DWYER ET AL. *vs*. GUSTAVE A. R. HAMRE.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 1st—decided July 1st, 1937.

*John Elliott,* for the appellants (plaintiffs).

· *T. Holmes Bracken,* with whom, on the brief, was *Maxwell H. Goldstein,* for the appellee (defendant).

BROWN, J.   In this action the plaintiffs seek relief on the ground of a failure of consideration upon their purchase from the defendant on October 19th, 1931, of a leasehold interest in a lot in Branford, which is a part of land owned in fee by the First Ecclesiastical Society of Branford, the title of which was fully discussed in our opinion in *Hamre* v. *Etzel & Sons, Inc.,* 120 Conn. 129, 131, 179 Atl. 647.   The following undisputed facts appear in the finding: For a long time prior to October 24th, 1914, the Ecclesiastical Society was the owner in fee of land in Branford which it had demised to Samuel Beach and his heirs and assigns for a term ending March 1st, 1967, and prior to October 24th, 1914, the Beach heirs had demised a part of this land to Frederick L. Averill for a term ending March 1st, 1967.   The demise to Averill contained a covenant for the payment by him of an annual rent and the taxes, and further provided that upon Averill's failure to perform these covenants the demise should terminate and title should again be in the Beach heirs free from the incumbrance of the demise to Averill.   Both of these leases were duly recorded on the Branford land records.   On October 24th, 1914, Averill conveyed by quitclaim deed the balance of his leasehold term ending March 1st, 1967, to the defendant, who paid $2600 in full therefor.   On August 19th, 1931, the defendant conveyed the unimproved lot in question to the plaintiffs by quitclaim deed containing these words:   "The interest of the grantor in the land herein conveyed is a leasehold interest."   Both of these deeds were likewise duly

recorded. Pursuant to the negotiations eventuating in this conveyance, the plaintiffs paid the defendant $100 in cash and gave him their note for $350 secured by a mortgage back of the interest conveyed, which $450 constituted payment in full as agreed for the interest in the land so sold. The plaintiffs believed they had acquired a leasehold interest ending March 1st, 1967, and began to improve the lot and build a cottage thereon. Subsequent to this conveyance by the defendant to the plaintiffs, Averill defaulted in the payment of rent and taxes under his lease from the Beach heirs, who thereupon pursuant to its terms, terminated the lease to him and all other leases and interests in the land deriving thereunder. When this action was brought, $350 with interest on the plaintiffs' note remained unpaid. It is conceded that the plaintiffs were evicted from the premises in November, 1931.

The fundamental question upon the trial was whether the parties had agreed that for the consideration above stated the defendant was to deed to the plaintiffs only the leasehold estate in this lot which he actually had, as he claimed, or a leasehold to endure from August 19th, 1931, to March 1st, 1967, as they claimed. The plaintiffs further claim in effect that through mutual mistake the quitclaim deed transferred to them the former instead of the latter estate. The court by its judgment sustained the defendant's contention, and the question determinative of this appeal is whether the court's finding upon this issue is warranted by the evidence and is sufficient to support the judgment. The court found as a primary or subordinate fact that the quitclaim deed from the defendant to the plaintiffs above referred to, "was in pursuance of negotiations between them, in which the defendant agreed to sell and the plaintiffs to buy such

leasehold interest as the defendant had in the parcel of land described in the deed; this interest ending on March 1, 1967." This finding is not attacked directly by the plaintiffs' assignments of error as required by the Practice Book, § 345, and Form 647 B. One of the plaintiffs' assignments is that the court erred "in finding as an ultimate conclusion that the plaintiffs and defendant negotiated and contracted only for the sale and purchase of the defendant's interest in the lot in question, and not for a leasehold to endure from August 19, 1931, to March 1, 1967." Even though this be construed to refer to the finding above quoted, its characterization thereof as "an ultimate conclusion," does not change the nature of that finding from one of subordinate or primary fact to a conclusion. This assignment can at the most therefore only raise the question of whether there is evidence sufficient to support the court's finding of the agreement stated. The plaintiffs further assign as error the court's failure to find certain paragraphs of the draft-finding which also as a primary or subordinate fact set forth their version that the agreement was for a leasehold to endure from August 19th, 1931, to March 1st, 1967. Unless, however, the record discloses that the court's finding as to what this agreement was, was made without evidence, or omits some material admitted or undisputed fact, it cannot be changed. *Hine* v. *McNerney,* 97 Conn. 308, 311, 116 Atl. 610; *Palumbo* v. *Fuller Co.,* 99 Conn. 353, 355, 122 Atl. 63.

The only evidence as to the terms of this verbal agreement is found in the testimony of the plaintiffs on the one hand and of the defendant on the other. Mr. Dwyer testified that the defendant told him about the lease; that it had thirty-seven years to go; that this was church property; that he could not sell the land outright, that he had the leasehold interest and

that Dwyer would buy it that way, the thirty-seven years to run; and that $450 was the entire payment to be made for the balance of the term of thirty-seven years. Mrs. Dwyer testified that the defendant explained that it was leased property not to be bought outright and had about thirty-seven years to run; that he had bought it for the running period of the lease, and that he was selling it to the Dwyers for the same thing; and that they were only buying it for the balance of the term. The defendant testified that when Dwyer wanted to buy the lot, he showed it to him and told him that he had bought and paid for some leasehold interest but not that he owned the lot; and that he didn't think anything more was said; and that the quitclaim deed was given. It was for the court to resolve whatever conflicts there were in this testimony and to determine what the actual agreement of the parties was. *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 176, 39 Atl. 115. This it has done, and since there is evidence which warrants its finding that the agreement was to sell only the defeasible term which the defendant owned, and not a leasehold to run for the period of thirty-seven years which it was the plaintiffs' burden to prove, this finding cannot be disturbed. The court's conclusion predicated upon it, that the plaintiffs bought and paid for the exact title and interest in the land which the defendant conveyed and stated that he conveyed to them, is fully supported by the finding and is conclusive that there was no failure of consideration. This is sufficient to sustain the judgment for the defendant on the complaint. In view of our conclusion just stated, the other errors assigned become immaterial and call for no discussion.

Since there was no failure of consideration, the plaintiffs had no defense to the defendant's counter-

claim to recover on their note which was overdue and unpaid. The court therefore properly rendered judgment for the defendant to recover therefor on the counterclaim.

There is no error.

In this opinion the other judges concurred.