FENNER v. BOLEMA CONSTRUCTION COMPANY.

1. CONTRACTS—QUESTIONS FOR JURY AS TO TERMS.
     Questions as to what were the terms of the original agreement
       between the parties and as to whether a substituted agreement
       between them had been made were for jury, where there was
       a dispute in such respects in action for services rendered.

2. SAME—ABANDONMENT—NEW CONTRACT FOR SEWER CONSTRUCTION.
     The rights of the parties as to services to be rendered in con-
       nection with construction of a city sewer and payment there-
       for became fixed by new agreement where method of work,
       as commenced under original agreement, was abandoned be-
       cause of difficulties and delays and new agreement entered
       into for different services and a different measure of compen-
       sation.

3. SAME—SEWER CONSTRUCTION CONTRACT—INSTRUCTIONS—PLEAD-
   INGS—EVIDENCE.
     Submission of case to jury under instructions permitting them
       to find that the contract relative to rendition of services in
       connection with sewer construction was one for work on a
       foot-to-foot basis rather than an agreement to complete the
       entire job which defendant had under contract with the city
       held, proper under the pleadings and proofs presented.

4. SAME—VERDICTS—GREAT WEIGHT OF EVIDENCE.
     The fact that defendant's liability under agreement as claimed
       by plaintiff is more than twice as great as it would have been
       under agreement as claimed by defendant does not render
       verdict based on acceptance of plaintiff's claims contrary to
       the great weight of the evidence, where plaintiff's testimony
       in support of his claim that the old agreement was abandoned
       and a new one entered into caused plaintiff more work, re-
       lieved defendant of delay and expense connected with other
       operations and permitted the work to be done in less time.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial, § 157.
[2] 12 Am Jur, Contracts, § 405.
[3] 53 Am Jur, Trial, § 293.

Appeal from Muskegon; O'Neill (James E.), J., presiding. Submitted April 5, 1951. (Docket No. 34, Calendar No. 44,981.) Decided May 14, 1951.

Assumpsit by Myron Fenner, doing business as Fenner Crane & Truck Service, against Bolema Construction Company, a Michigan corporation, for work and labor performed. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*George D. Stribley,* for plaintiff.

*William J. Balgooyen,* for defendant.

DETHMERS, J. Defendant appeals from a judgment of $1,730.72, entered on jury verdict, for services rendered by plaintiff. Defendant had a contract with the city of Muskegon for construction of a sewer. It entered into an arrangement with plaintiff under which it agreed to pay plaintiff at the rate of $5 per hour for a bucket and crane and 1 operator to do excavating on the job. Plaintiff testified that the agreement included the provision that excavating was to be done between sheeting; that when the job was begun difficulties and delays were encountered in placing the sheeting so that defendant determined to abandon that method and to pursue the opencut method; that thereupon a new agreement was made under which defendant agreed to pay plaintiff at the rate of $1 per foot for excavating by the opencut method; that the latter method required the removal of much more dirt and greater use of the crane by plaintiff; that afterwards defendant also requested plaintiff to do backfilling work with a bulldozer and agreed to pay therefor at the rate of 85 cents per foot; that plaintiff excavated the entire 1,080 feet through which defendant was obligated to the city to lay a sewer; that plaintiff did 400 feet of back-

filling, at which time his workmen left the job. Judgment was for an amount representing the 1,080 feet of excavating and 400 feet of backfilling at $1 per foot and 85 cents per foot, respectively, plus interest. Defendant denied that the original agreement called for sheeting or that any substituted agreement was ever entered into in place of the original arrangement which called for excavating to be done at the rate of $5 per hour, and claimed that when the excavation was completed plaintiff agreed to do backfilling at $8.65 per hour and that, thus computed, there was due plaintiff the sum of $763.80, which amount was tendered as payment in full.

There having been a dispute as to the terms of the original agreement and as to whether a substituted agreement had been made, the questions in that regard were properly for the jury. Defendant contends that even though the existence of the substituted agreement, as claimed by plaintiff, were to be conceded, nevertheless plaintiff's right of recovery must still be under the original agreement because plaintiff's failure to complete the backfilling constituted a breach or the nonperformance of the substituted agreement. Defendant cites in this connection *Burr's Damascus Tool Works* v. *Peninsular Tool Manufacturing Co.,* 142 Mich 417; *Palmerlee* v. *Republic Acceptance Corp.,* 216 Mich 692; *Stadler* v. *Ciprian,* 265 Mich 252; *Fricke* v. *Forbes,* 294 Mich 375; and *Mundhenk* v. *Liverpool & London & Globe Insurance Co., Ltd.,* 311 Mich 571. Each of these cases involved the compromise settlement of disputed claims and it was held that to constitute an accord and satisfaction there must be performance of the compromise agreement; otherwise, there is an accord only, without satisfaction. The cases are not in point here. Accepting plaintiff's claims, as the jury apparently did, there was here no compromise settlement of a disputed claim, no accord.

Rather, when performance under the original con-
tract became infeasible and undesirable for defend-
ant he desired plaintiff to engage in a different op-
eration for which it was agreed that plaintiff should
be compensated in an amount to be arrived at by a
different measure.   The new agreement provided
not only for a different payment by defendant to
plaintiff, but also for the doing of different work by
plaintiff.   It was a deliberate abandonment and ex-
tinction of the future obligations, if any, of the
parties under the old agreement.   Under such cir-
cumstances, the rights of parties were thereafter
fixed by the terms of the new agreement regardless
of whether there was full performance, part per-
formance or breach, and on no possible theory could
they be held to be governed by the first agreement.
Furthermore, the pleadings and proofs are to the
effect that, under either agreement, plaintiff agreed
only to accept so much per hour or per foot for ex-
cavating and backfilling.   It nowhere appears that
he agreed to excavate or backfill a specific number
of feet or the entire job which defendant had under
contract with the city and, hence, there is no basis
for defendant's claim of breach or failure to perform
on plaintiff's part.   For the same reasons there was
no error in submitting the case to the jury under in-
structions permitting them to find that the contract
between plaintiff and defendant was one for work
on a foot-to-foot basis rather than an agreement to
complete the entire job which defendant had under
contract with the city.   Under the pleadings and
proofs the court could not properly have done other-
wise.

The mere fact that defendant's liability under the
agreement as claimed by plaintiff is more than twice
as great as it would have been under the agreement
as claimed by defendant does not render a verdict
based on acceptance of plaintiff's claims contrary to

the great weight of the evidence. According to plaintiff's testimony, the new agreement caused him more work, relieved defendant of the delay and expense connected with placing sheeting, and permitted the work to be done in far fewer hours.

Affirmed, with costs to plaintiff.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.