BARTOLOMEO PATALANO *v.* ERNEST J. CHABOT

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 7—decided December 23, 1952

*Morris Robinson,* with whom, on the brief, was *Alan H. Nevas,* for the appellant (plaintiff).

*Sidney Vogel,* for the appellee (defendant).

O'SULLIVAN, J.   The finding, as corrected, discloses the following facts: On December 20, 1946, the plaintiff owned a parcel of land on Wood Street, South Norwalk.  Two buildings were then standing on the property, one known as 12 Wood Street and the other as 14 Wood Street.  The latter was a three-and-one-half-story frame dwelling house with a store on the ground floor.  The former was an unfinished two-and-one-half-story brick building.  Attached to and forming an integral part of it was a section referred to in the finding as the "one story boiler room."  It occupied the nine-foot space between the two main buildings.  Its roof was substantially at the same level as the floor of the porch above the store in No. 14.

On the date mentioned above, the parties entered into a written contract whereby the plaintiff agreed to exchange the property known as No. 12 for a parcel owned by the defendant in another part of the city.  In referring to what the plaintiff was to convey, the contract provided that the boiler room and the land on which it stands "are not included in this sale," and that "the premises to be conveyed will

be accurately surveyed . . . and the surveyor's description will be used in the deeds of conveyance." Another provision was that the dimensions of No. 12, as stated in the contract, "will be changed to conform to the surveyor's dimensions when found." The parties selected an attorney to handle their respective interests in the transaction. He obtained from a civil engineer an accurate survey of the premises. The blueprint of this survey showed a single set of dimensions for No. 12 and the boiler room. The attorney, in drafting the proposed deed, based the description of the property on the blueprint, so that, contrary to the provision in the written contract, the land under the boiler room was included. There was also incorporated in the deed a provision reserving to the plaintiff the right to use the roof of the boiler room and a flight of stairs leading from it to the street as a means of getting to and from the porch of the building known as No. 14 as long as that building remained standing, but in no event for more than twenty years. Closing of title occurred on February 24, 1947, at the office of the attorney. The blueprint and the deed were explained to both parties. Thereafter, the plaintiff executed the deed, as drafted, and delivered it to the defendant.

During the summer of 1950, the defendant, for the purpose of adding another story to the boiler-room section, began to erect a wall along the side adjoining No. 14. This blocked the right of way reserved in the deed. The plaintiff then instituted this action and obtained a temporary order restraining the defendant from proceeding with his plan. Some time thereafter the defendant reopened the wall and since then the occupants of the plaintiff's property have had an unobstructed right of way

over the boiler room and down the flight of stairs to the sidewalk. The defendant, in erecting and in removing the wall, did not do any actual damage to the plaintiff's premises. The defendant installed a boiler in the boiler room, and from the time the parties exchanged properties he has used the room without objection by the plaintiff. Other facts which the plaintiff asks us to include in the finding cannot be added, since they are neither admitted nor undisputed, and his effort to strike various facts found must fail since they have reasonable support in the evidence.

The complaint is in two counts. The first sets up a cause of action for interfering with the plaintiff's right of way. It also alleges a cause of action for nuisance. The latter, however, has not been pursued and we shall not discuss it. The second count alleges that, through mutual mistake, the plaintiff conveyed, in addition to No. 12, the boiler room and the land on which it stands. The relief sought under the complaint is a permanent injunction, damages and reformation of the deed. The court concluded that the deed carried out the intention of the parties and that no basis appeared for reforming it. It further concluded that there was no need for a permanent injunction. It awarded no damages. From the judgment entered for the defendant, the plaintiff has appealed.

We first discuss the second count. Reformation of a deed can be ordered when it has been executed as the result of a mutual mistake and by reason thereof each party has done what neither intended. *Milford Yacht Realty Co.* v. *Milford Yacht Club, Inc.*, 136 Conn. 544, 548, 72 A.2d 482. Reformation is also available as an equitable remedy when the deed "does not express the true intent of the parties

owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other. 5 Pomeroy, Equity Jurisprudence (2d Ed.) § 2097." *Home Owners' Loan Corporation* v. *Stevens,* 120 Conn. 6, 10, 179 A. 330. The case at bar falls within neither of these principles. There is no finding of mutual mistake. Furthermore, if we assume that the complaint is broad enough to support a judgment based on a unilateral mistake, the finding is silent as to any fraud or inequitable conduct on the part of the defendant. Indeed, it is found that he acted throughout in good faith.

The function of a deed is merely to pass title to land, pursuant to the agreement of the parties. *Preleski* v. *Farganiasz,* 97 Conn. 345, 350, 116 A. 593; *Anderson* v. *Colwell,* 93 Conn. 61, 65, 104 A. 242. What the terms of the agreement were in the case at bar was a question of fact for the trier. *Dwyer* v. *Hamre,* 123 Conn. 137, 141, 193 A. 207; *Fenner* v. *Bolema Construction Co.,* 330 Mich. 400, 402, 47 N.W.2d 662; 3 Corbin, Contracts, p. 119. In reaching a correct answer to that question, the court was required to consider and weigh various factors. On the one hand the contract of December 20, 1946, provided that the land under the boiler room was not to be conveyed. Unless the parties subsequently altered this provision, it is obvious that the deed conveyed title to a larger parcel of land than was designated in the plaintiff's agreement. On the other hand, the court was faced with the following factual situation: In conformity with a further provision of the contract, a survey of the premises had been made to obtain an accurate description of the parcel to be conveyed; the blueprint, prepared from this survey, outlined the parcel as one consisting of land under both the main building, known as No. 12, and the

attached boiler room; and the deed was prepared on that basis. Before the deed was executed, its contents, as well as those of the survey and blueprint, were explained to the parties. It is unfortunate that the court did not include in its finding a more comprehensive statement of the facts which eventuated in the drafting and the execution of the deed in a form at odds with the original contract. The fair intendment of the finding, however, is that, prior to the execution of the deed, the parties mutually decided and orally agreed to modify their written contract by substituting a new description which included the boiler-house land. This follows from the court's conclusion that the plaintiff intended to convey to the defendant and the defendant intended to "purchase the . . . alleyway or boiler room between No. 12 and No. 14 Wood Street," and that "the deed carried out the intention of the parties." That the court was warranted in refusing to find either a mutual or a unilateral mistake is apparent, because the plaintiff permitted the defendant to exercise complete control over the boiler room for more than three years without voicing objection. It was only when the defendant began to interfere with the plaintiff's reserved right of way that the issue of mistake was raised. The court undoubtedly viewed the long lapse of time as of great significance. Furthermore, if the plaintiff owned the land under the boiler room, as he claims, there was no reason for a reservation by him of a right of way over it to the street. There is no error on the second count.

The plaintiff further maintains that he is entitled to compensation under the first count for substantial damage done to his property by the claimed trespass. The short answer to this is that the court

found no such damage. The court was in error, however, in refusing to award damages for the invasion of the plaintiff's right to enjoy his easement. The erection of the wall was an injury to that easement since it disturbed and interfered with his enjoyment of it. This constituted a legal wrong to the plaintiff. *Robertson* v. *Woodworth,* 42 Conn. 163, 165. Some damage necessarily follows any wrongful invasion of another's property. *Nicholson* v. *New York & N.H.R. Co.,* 22 Conn. 74, 84; *Parker* v. *Griswold,* 17 Conn. 288, 302. "This necessary damage is actual as distinguished from the mere nominal damage involved . . . in some casual and inoffensive tort; . . . but it is nominal as distinguished from any specific damage suffered and proved. In a case like this some damage results from the mere invasion of the plaintiff's rights, and its amount, not being determinable by proof, must be comparatively small and in that sense nominal." *Watson* v. *New Milford Water Co.,* 71 Conn. 442, 450, 42 A. 265; *Dewire* v. *Hanley,* 79 Conn. 454, 458, 65 A. 573. Ordinarily, we do not find error in order to permit the plaintiff to recover merely nominal damages. *Went* v. *Schmidt,* 117 Conn. 257, 259, 167 A. 721. The case at bar is of a different nature. At least a token payment is required. *Beattie* v. *New York, N.H. & H.R. Co.,* 84 Conn. 555, 559, 80 A. 709; *Chapin* v. *Babcock,* 67 Conn. 255, 257, 34 A. 1039.

The plaintiff's final claim is that he was entitled, under the first count, to a permanent injunction. There is no merit to this. The granting of injunctive relief rests in the sound discretion of the court. *Farrington* v. *Klauber,* 130 Conn. 170, 173, 32 A.2d 644; *Point O'Woods Assn., Inc.* v. *Busher,* 117 Conn. 247, 250, 167 A. 546. We find nothing to indicate that this discretion was abused.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment on the second count for the defendant and on the first count for the plaintiff to recover damages assessed at twenty-five dollars.

In this opinion the other judges concurred.