Plaintiff is a nonprofit corporation organized under the laws of Connecticut. Its corporate purpose is to serve as a community center in the north end of Hartford. Among other things, it is presently devoted to the raising of funds to construct a building in which to effectuate its endeavors. Defendant is a jazz orchestra conductor of repute in this country and in Europe. The within action is one in which the plaintiff seeks damages of $3000 of the defendant for breach of an alleged contract.
Two questions are presented. Did the defendant contract to appear in Hartford with his orchestra and conduct a concert for the plaintiff? If he did so, what damages has the plaintiff proved it is entitled to recover for such breach? At the conclusion of the plaintiff's offer of proof, the defendant rested without offering any evidence.
The evidence before the court in that main comprises twelve exhibits, all of which, with one exception, represent communications in the nature of letters and telegrams between the plaintiff and the Associated Booking Corporation of New York City, the duly authorized agent of the defendant. The exception is a quarterly pamphlet of October, 1953, published by the plaintiff. Since these various exhibits, relating to the period between June 12, 1953, and December 28, 1953, sufficiently lay the problem before the court in its entirety, the defendant's election to rest at the conclusion of the plaintiff's case was in order. No additional evidence within the power of the defendant to produce was required. *Page 377 
At the outset, certain general comments in the nature of relevant principles of the law of contracts appear to be in order. Broadly stated, preliminary negotiations as to the terms of an agreement do not constitute a contract. 17 C.J.S. 390, § 49. But the nature of the particular acts or conduct and the surrounding circumstances are to be considered. 12 Am.Jur. 527, § 28. Based upon such, a matter of interpretation arises for determination. 1 Corbin, Contracts, p. 56, § 23. "The law is clear that a contract includes not only what is expressly stated therein but also what is necessarily implied from the language used." Leventhal v. Stratford, 121 Conn. 290,295.
The letter of October 27, 1953, sent to the plaintiff by the defendant's agent, states among other things: "I give you my word of honor as a business man ... they [the defendant and his orchestra] definitely will give you the first date in Hartford when they return [from Europe]." The plaintiff's reply thereto of October 31, 1953, was of acceptance. A few days later (November 3, 1953) the defendant's agent wrote to the plaintiff, stating among other things: "... it is a pleasure for me to give you my personal assurance that we will give you every cooperation possible in presenting Lionel [the defendant] the first moment he can play in Hartford." The fact of the matter is that the defendant upon his return from Europe with his orchestra in December, 1953, accepted an engagement at the State Theater in Hartford from December 31, 1953, through January 3, 1954. This engagement had no connection with the plaintiff.
Plaintiff's complaint alleges that the date of the defendant's engagement with his orchestra was secured by it in the month of January, 1954. This is not quite accurate. The plaintiff gave the defendant's agent a latitude between "late January and *Page 378 
early May." The variance between allegation and proof, however, is inconsequential. That the defendant with his orchestra was to perform for the plaintiff in Hartford at the first available time following his return from Europe is implicit.
The conclusion reached is that the parties had entered into a contract which provided for the defendant and his orchestra appearing in Hartford under the auspices of the plaintiff upon his return from Europe, and that this appearance would take precedence over others at least in so far as Hartford was concerned. A further conclusion follows, namely, that in appearing with his orchestra at the State Theater in Hartford, December 31, 1953-January 3, 1954, the defendant breached his agreement with the plaintiff.
The remaining question relates to provable damages, if any, the plaintiff may be found to have sustained. It appears that the defendant was to have received from the plaintiff $1550 for his appearance, that Bushnell Memorial Hall where the event would have been held seats 3000 persons, and that the membership of the plaintiff's association is 2100. It does not appear how much the plaintiff would have been required to pay for the rental of the hall, the number of tickets expected to be sold, the estimated gross expected to be received from the sale of tickets, or an estimated net profit contemplated. Plaintiff's recovery of damages is limited in law to the loss it has actually suffered by reason of the defendant's breach. 15 Am. Jur. 443. The evidence before the court does not furnish any yardstick of measure in this regard. To attempt to set substantial damages would be to indulge in speculation and conjecture.
"In actions for breach of contract proof of damage is not essential; if the breach is proved and no damage shown, nominal damages will be given." McCormack, *Page 379 
Damages, p. 88. As recently as 1952, our Supreme Court of Errors has ruled that $25 is sufficiently representative today of an award for nominal damages. See Patalano v. Chabot,139 Conn. 356, 363.
 While the issues are found for the plaintiff, an award for damages is restricted to nominal damages and limited to $25. Costs attach as an incident of the judgment.