NELSON *v*. WITTE.

1. MASTER AND SERVANT—MODIFICATION—BARTENDER'S EMPLOYMENT
   CONTRACT.
   Testimony of the parties, together with the fact that payments
   were made to plaintiff bartender during period he worked
   after contract was modified as claimed by defendant in ac-
   cordance with the modification, *held*, to support conclusion of
   the trial judge, sitting without a jury, that the original agree-
   ment had been modified as claimed by defendant.

2. SAME—NEW CONTRACT—MODIFICATION OF EXISTING CONTRACT.
   Parties to a contract of hire may make a new contract therefor
   or modify an existing contract whether it be oral or in writ-
   ing.

3. SAME—FINDING OF TRIAL COURT—NONJURY CASE—EVIDENCE.
   Plaintiff bartender's claim of right to an amount for services
   rendered employer larger than as found by trial court *held*,
   not supported by record presented in nonjury case.

4. APPEAL AND ERROR—NONJURY CASES—PREPONDERANCE OF EVI-
   DENCE.
   The Supreme Court does not reverse findings of fact by trial
   judge in a nonjury case, where the findings are not contrary
   to the preponderance of the evidence.

5. SAME—FINDINGS OF TRIAL COURT IN NONJURY CASE—EVIDENCE
   RECEIVED AFTER CLOSING OF PROOFS—CROSS-EXAMINATION.
   It did not constitute reversible error for trial court to be fur-
   nished with defendant's employer's Federal tax returns for
   year in which amount to be paid to plaintiff under employ-
   ment contract was in dispute, after proofs had been closed,
   notwithstanding plaintiff was denied the right of cross-exami-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 35 Am Jur, Master and Servant § 8 *et seq.*
[3] 35 Am Jur, Master and Servant § 81.
[4, 5] 3 Am Jur, Appeal and Error § 900.

nation with reference thereto, where proofs received on the trial, without objection, were sufficient to support the conclusions reached in nonjury case, although proper procedure would have been to reopen proofs and have the evidence formally submitted.

Appeal from Emmet; Fenlon (Edward H.), J. Submitted October 10, 1956. (Docket No. 73, Calendar No. 46,862.) Decided December 28, 1956.

Case by Horace H. Nelson against John H. Witte for wages claimed due. Recoupment, asked by defendant for damages under unfulfilled partnership agreement, dismissed. Judgment for plaintiff for partial amount claimed. Plaintiff appeals. Affirmed.

*John W. Bellamy,* for plaintiff.

*Albert T. Washburne* (*Albert J. Rapp,* of counsel), for defendant.

CARR, J. This is an action to recover for personal services rendered under a verbal contract. Plaintiff alleged in his declaration that on or about the 17th of August, 1953, he was hired by defendant as a bartender in a certain club operated by defendant in Bear Creek township, Emmet county. Plaintiff averred further that he was to receive the sum of $75 per week, that in July, 1954, his services were discontinued, and that he had not at that time received payment in full. Under an amendment to his declaration he claimed the right to recover the sum of $2,325, covering a period of 31 weeks at the agreed wage, less any amounts received from defendant as advances, or as payment for services rendered, during said period.

In his answer to the declaration defendant denied any contract whereby he was obligated to pay wages

to plaintiff. He averred in substance that plaintiff suggested the purchase of the business establishment in Bear Creek township, that the parties agreed that they would form a partnership, that plaintiff should put in the sum of $8,000 toward such purchase, and that, based on their respective contemplated investments, plaintiff should have a 1/3 interest in the partnership. The answer further alleged that plaintiff failed to carry out his agreement. It appears from the record that defendant and his wife entered into an executory land contract for the purchase of the business and property for the total sum of $70,000. Following the purchase plaintiff acted as bartender and received for his services in that capacity the sum of $75 per week until the last week in December, 1953.

Based on plaintiff's alleged failure to go through with the verbal agreement to form a partnership, defendant attached to his answer a counterclaim for damages. He further asserted that because of business conditions during the winter the parties agreed, on or about January 1, 1954, that they would draw equal amounts from the business, dependent on earnings, until a further arrangement was effected. In his reply to the answer plaintiff denied that there was any agreement for the formation of a partnership and disputed defendant's claims as to the modified agreement.

On the trial of the cause before the court without a jury plaintiff objected to the introduction of proof in support of defendant's claim as to an agreement to form a partnership, claiming that such agreement, if made, contemplated the purchase of real estate and was, in consequence, void because not in writing. The testimony was received over the objection, but in the final determination of the case defendant's counterclaim was dismissed. Defendant has not

appealed · and, therefore, this phase of the controversy does not require consideration.

. On the trial each party testified in substantial accordance with his claims as set forth in his pleadings. The proofs clearly established that plaintiff did not acquire any interest in the business or in the property used in connection therewith. His claim for wages was based solely on the theory that he was an employee of the defendant, and the latter, stating in substance that plaintiff had never put in the money that he had agreed to invest pursuant to the executory arrangement set forth in the answer to the declaration, denied that plaintiff had any actual interest in either the business or the property. In consequence, the principal issue in the case is wholly one of fact, namely, whether the agreement between the parties was modified on or about January 1, 1954, as claimed by defendant. .

The employer's Federal tax returns of defendant for the calendar year 1953 were offered in evidence, and disclosed that he claimed therein that he had paid wages to plaintiff in the sum of $75 per week from August to and including December. The trial judge concluded from the proofs before him, including the tax returns, that the payments to plaintiff made during said year were actually wages. He further concluded that the original agreement was modified as claimed by defendant. Plaintiff in his testimony conceded that there was a conversation between himself and defendant with reference to business conditions during the winter, and that he suggested to defendant that if said conditions were as unsatisfactory as claimed the establishment might properly be closed. However, operation was continued and it is undisputed that during the first 28 weeks of 1954 the parties each drew from the business the sum of $800, the actual amounts of the payments to plaintiff varying from time to time, in-

creasing during the spring and summer period so that for the first 2 weeks in July he was paid at the rate of $100 per week.

As the result of an argument between the parties plaintiff quit his employment and did not return. Apparently a similar occurrence had taken place in January preceding, but at that time plaintiff was induced by defendant to reconsider termination of his employment and to continue as bartender. In his testimony on the trial plaintiff suggested that as he understood the agreement made early in January of 1954 any shortage in wages occurring during the winter months would be made up during the summer. If such was the understanding, which defendant denied, it is apparent that the termination of the employment prevented its fulfillment. There is no showing that the net receipts from the business during the 28-week period in question justified larger payments to plaintiff than he actually received.

The testimony of the parties, together with the fact that payments were made to plaintiff during the period that he worked for defendant in 1954 in accordance with the modified agreement, claimed by defendant, clearly supports the conclusion of the trial judge that the original arrangement made in August, 1953, was subsequently changed as claimed. That the parties had the right to make a new contract, or to modify the existing agreement, with reference to the compensation that plaintiff should receive, is not open to question. They might have done so had the original contract of hire been in writing. *Jacob* v. *Cummings,* 213 Mich 373; *Fenner* v. *Bolema Construction Company,* 330 Mich 400. The new agreement with reference to compensation for plaintiff's services was not affected in any way by the executory verbal contract that defendant claimed was made the previous summer.

The trial judge entered judgment in accordance with his findings as to the facts, allowing plaintiff the sum of $75 for the last week in December, 1953, for which he had not been previously paid, and the further sum of $200 for 2 weeks' services rendered in July, 1954, in accordance with the agreement of the parties then in force and effect. Appellant's claim that he is entitled to a larger amount is not supported by the record. The findings of the court, as the trier of the facts, cannot be said to be contrary to the preponderance of the evidence. Under such circumstances this Court does not reverse. *Meyers* v. *Fort.* 344 Mich 312.

On the trial of the case defendant's employer's Federal tax returns for 1954 were not put in evidence. Because of the significance of the returns for the prior year as bearing on the relationship of the parties to the case, the trial judge came to the conclusion, after the closing of the proofs, that the returns for 1954 might tend to throw further light on the situation. Accordingly he requested such returns and they were furnished. Appellant claims that the procedure followed was improper in that he was deprived of the right of cross-examination with reference thereto. As a matter of procedure the proofs might properly have been reopened by order of the trial court and the evidence formally submitted. Under the facts in the instant case, however, if the tax returns made by defendant in 1954 are disregarded the result is not thereby affected. The proofs received on the trial, without objection, were sufficient to support the conclusions reached.

The judgment is affirmed, with costs to defendant.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, KELLY, and BLACK, JJ., concurred.

BOYLES, J., took no part in the decision of this case.