### THE ENGLISH SHOP *v.* HARTFORD FIRE INSURANCE COMPANY ET AL.
### (3367)

HULL, BORDEN and SPALLONE, Js.

Argued April 10—decision released June 4, 1985

*Daniel P. Cavanaugh,* for the appellant (plaintiff).

*James E. Kernan,* with whom, on the brief, was *Jeremiah M. Keefe,* for the appellee (named defendant).

HULL, J. The plaintiff appeals from a judgment of the trial court for the named defendant in a suit to recover for water damage on the basis of a special multi-peril insurance policy issued by the named defendant, the Hartford Fire Insurance Company (Hartford). We find no error.

The plaintiff sued Hartford and the plaintiff's own insurance agent, Melvin W. Title. The case against Title was withdrawn and the plaintiff proceeded on an amended complaint against Hartford. The plaintiff claimed that the policy, as issued by Hartford, did not exclude water damage and that Hartford failed to pay it $200,000 for water damage caused by a violent wind and rain storm at its West Hartford retail clothing store on October 3, 1979. Hartford admitted the existence of the policy and its refusal to pay the claim for water damages. It further claimed, in six special defenses, essentially that the policy issued excluded water damage. By counterclaim, Hartford claimed that the parties intended that the policy should exclude coverage for flood or surface water damage and sought reformation of the policy to exclude such coverage.

The trial court found (1) that Title was the plaintiff's agent and that he negotiated the policy with Hartford's agent intending to duplicate an existing Aetna policy that excluded water damage coverage; (2) that the form which would have excluded such coverage was not on the binder or on the permanent policy issued by Hartford, through inadvertence or mistake; (3) that the plaintiff did not seek, nor did it get, water damage insurance from Hartford; and (4) that the policy was written by Hartford's agent at the request of the plaintiff's agent to duplicate the coverage of the previous Aetna policy which did not include water damage coverage.

The court found all disputed issues in the amended complaint for Hartford. The court did not specifically rule on the special defenses or on the counterclaim for reformation. In effect, the only sensible way to interpret the court's "shorthand" judgment is to consider that it implicitly gave effect to the counterclaim when it found that, despite the lack of a water damage exclusion in the policy, such an exclusion was intended to be a part of it. We will treat the matter as if reformation had been ordered, as both parties did in their briefs and at oral argument in this court. *State* v. *Martin,* 2 Conn. App. 605, 612B, 482 A.2d 70 (1984).

The plaintiff's first two claims of error concern the court's refusal to make certain findings regarding the issuance of the binder and the policy. Since these claims were not raised in the trial court, we do not consider them. Practice Book § 3063; *Chaplin* v. *Balkus,* 189 Conn. 445, 447, 456 A.2d 286 (1983). The third claim of error is the reformation of the policy so as to include the missing form excluding water damage. The plaintiff admits that the form was left off of the policy through inadvertence. The plaintiff properly does not challenge the facts found by the court. This claim of error is, therefore, totally without merit. Although not

so stated by the court nor subject to a request for articulation by the plaintiff, the court's judgment rests on the firm legal foundation of the doctrine of mutual mistake. *Lopinto* v. *Haines,* 185 Conn. 527, 531, 441 A.2d 151 (1981); *Patalano* v. *Chabot,* 139 Conn. 356, 359–60, 94 A.2d 15 (1952); *Home Owners' Loan Corporation* v. *Stevens,* 120 Conn. 6, 9–10, 179 A. 330 (1935).

The plaintiff's fourth claim is that the court erred in refusing to find waiver or estoppel barring Hartford from reformation because it did not act promptly upon discovery of the mistake. The simple answer is that there is no factual basis in the court's findings for such a conclusion.

There is no error.

In this opinion the other judges concurred.