[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on:
1) Third Party Defendant, Continental Casualty's Motion for SummaryJudgment; and
2) Third Party Plaintiff, Dennis McCormack's Motion for Partial SummaryJudgment
According to the original complaint, plaintiff Patricia H. Sheehy was a guest passenger on a motorboat owned and operated by defendant Dennis McCormack. She alleges that McCormack operated the boat negligently and that such negligence caused her injury.
McCormack has filed a third party complaint against third party defendant Continental Casualty Company (CNA). He alleges that prior to March 5, 1991 he met with Michael CT Page 8342 Kaczorowski, an insurance agent authorized to sell policies of insurance written by CNA. He claims that the purpose of the meeting was for McCormack to purchase a policy or policies of insurance including a so-called "Umbrella" policy providing adequate and appropriate limits of liability for all of his insurance needs. He claims that during the course of the meeting, he told Kaczorowski that he owned a small boat and that he was assured that the small boat would be covered under CNA's Universal Security Policy which Kaczorowski was recommending and which McCormack was planning to purchase.
As a result of this meeting McCormack signed an application for insurance and submitted a deposit in the amount of $1,082.55[.]
On May 24, 1991 McCormack received CNA's "Universal Security Deluxe Policy" which included liability coverage of $500,000 for his automobiles, his homes, and an optional excess liability plan which provided an additional "Umbrella" coverage of $1,500,000.
After McCormack was sued by Sheehy, he presented the lawsuit to CNA for defense and indemnification of Sheehy's claims. CNA has refused to defend the action and denies coverage. It claims that the boat used by McCormack was not covered under the policy and moves for summary judgment. McCormack has objected to the motion for summary judgment, and in turn has filed a motion for partial summary judgment in which he seeks an order requiring CNA to provide McCormack a defense to the action brought by Sheehy.
I. Re: CNA's Motion for Summary Judgment
In the first count of the third party complaint McCormack alleges that he relied on CNA's agent Kaczorowski to obtain adequate liability coverage, that Kaczorowski was negligent in a number of ways in failing to do so, that he divested McCormack of the opportunity to carefully review the exclusions contained in the insurance policy by completing the application in his own hand, and that he represented to McCormack that he would he covered against risks associated with his operation of his pleasure boat, knowing that McCormack would rely on his representation.
In the second count McCormack alleges that CNA's agent CT Page 8343 Kaczorowski breached his contract with him by failing to provide adequate coverage.
In the fifth count McCormack claims a reformation of the contract.
CNA claims that it is entitled to summary judgment for three reasons:
First, it claims that McCormack is chargeable with actual knowledge of the policy's contents. It is the "general rule that where a person of mature years who can read and who signs or accepts a formal written contract affecting his primary interests, it is his duty to read it, and notice of its contents will be imputed to him if he negligently fails to do so; but this rule is subject to qualifications . . . and applies only if nothing has been said or done to mislead the person sought to be charged or to put a man of reasonable business prudence off guard . . ." G.R. Tire Distributors, Inc.v. Allstate Ins. Co. 177 Conn. 58, 62 (1979). The court finds that whether or not something was said or done by Kaczorowski to mislead McCormack is a question of fact that cannot be decided on a motion for summary judgment. Also see Todd v.Malafronte 3 Conn. App. 16 (1984) which holds that the question of negligence of the insurance agent is a question of fact.
Second, CNA claims that the terms of the contract are unambiguous and that the terms of the contract must therefore be given effect according to its terms. Pages 20-21 of the policy set forth liability losses that CNA does not cover. It states it does not cover
"Liability for the ownership, maintenance, or use of any . . . boats, other than:
 (a) . . . boats owned by you and shown in the coverage summary . . . However, the following boats are covered even if they are not shown in the coverage summary:
 (1) Sailing vessels, with or without auxiliary power, less than 26 feet in length that are owned or rented by you . . . and CT Page 8344
 (2) Boats powered by one or more outboard motors with less than 25 total horsepower if the outboard motor is owned by you or any family member"
On the same page of the policy the following statement is made. "However, we do provide `Personal Liability Coverage' and `Medical Expense Coverage' for your maintenance or use of any vehicle which is:
 a. owned by a family member and not shown on the coverage summary; or
 b. furnished or available for the regular use of any family member."
The terms "any vehicle" are broad. Therefore the court believes that McCormack could reasonably infer that his small boat was covered under his $2,000,000 policy.
A dispute of this nature is ill-suited for disposition by way of summary judgment. Our Supreme Court has recently held that the analysis of the provisions of an insurance policy "is necessarily fact oriented and is not based solely upon general provisions." Ceci vs. National Indemnity Co. 225 Conn. 165,168 (1993)[.]
Third, CNA claims that there is no reformation of the contract in question. The remedy of reformation is appropriate in cases of mutual mistake; that is, where, in reducing to writing an agreement made or transaction entered into as intended by the parties, through mistake, common to both parties, the written instrument failed to express the real agreement or transaction. Lopinto vs. Haines,185 Conn. 527 (1981). That which the parties intended with respect to the coverage afforded by a policy of insurance is reserved to the trier. [See, Harlach vs. Metro Property Liability,221 Conn. 185 (1992). See, also, The English Shop vs. HartfordFire Insurance Co., 4 Conn. App. 221 (1985)].
In light of the above the Court holds that CNA's motion for summary judgment should be denied because there are issues of fact which must be determined by a trier of fact.
II. Re: McCormack's Motion for PartialCT Page 8345 Summary Judgment
"`If an allegation of the complaint falls even possibly
within the coverage, then the insurance company must defend the insured.'" Schwartz v. Stevenson 27 Conn. App. 581, 585
quoting Lee v. Aetna Casualty Surety Co. 178 F.2d 750 (2d Cir.) 1949 (Emphasis in original).
CNA's motion for summary judgment is denied.
McCormack's motion for partial summary judgment is granted.
Allen, State Judge Referee